IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CAROL GRUBER : | |
| : | |
| v. : | Civil Action No. CCB-03-1128 |
| : | |
| E. GEORGE BENDOS, ET AL. : | |

...o0o...

MEMORANDUM

Now pending before the court is the defendants' motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment under Fed. R.Civ. P. 56 and the Bendos firm's motion to strike service and motion to dismiss action. The issues in these motions have been fully briefed and no hearing is necessary. See Local Rule 105.6. For the reasons stated below, the case will be dismissed for lack of subject matter jurisdiction and the Bendos firm's motion will be denied as moot.

BACKGROUND

Carol Gruber ("Gruber") was violently attacked by a patient while working as a psychiatric nurse. For two years, UNUM Life Insurance Company of America ("UNUM") paid her $2,208.96 per month in disability benefits pursuant to her disability insurance. In 1997, however, UNUM denied Gruber further benefits based on its determination that her injuries resulted from a mental disability and were not categorized as "medical." (Pl.'s Consolidated Response to Defs.' Mot. to Dismiss Amended Compl. or for Summ. J. at 2.[1] citing Gruber v. UNUM Life Insurance Company of America, 195 F.Supp.2d 711, 714-715 (D.Md. 2002)). Gruber retained E. George Bendos ("Bendos"), a lawyer at Bendos, Drechsler, Larkin &

_____

[1] Hereinafter, "Pl.'s Consolidated Response."

Walters, P.C. ("the Bendos firm") to assist her in challenging UNUM's decision.

Gruber alleges that, unbeknownst to her, Bendos neglected to appeal UNUM's decision in writing within the sixty day deadline required by her policy. In fact, Bendos did not contact UNUM until June 13, 1997. See Gruber, 195 F.Supp.2d at 715. Gruber asserts that she attempted to contact Bendos and the Bendos firm to learn about the status of her claim but her inquiries were ignored, as were several of her requests that her file be returned to her. The last communication Gruber received from Bendos was a letter dated June 17, 1997. Gruber discharged Bendos by letter dated June 23, 1999.

Gruber maintains that she only learned of the Bendos firm's failure to file a timely appeal when she hired other counsel and obtained correspondence from UNUM through discovery in her action against UNUM. On March 11, 2002, Judge Nickerson held in that suit that Gruber had failed to exhaust her administrative remedies under ERISA and that Bendos's illness and time away from work did not toll the time period. Gruber, 195 F.Supp.2d at 716.[2] Gruber filed this action against Bendos and the Bendos firm on April 16, 2003, and later amended her complaint to add R. Roger Drechsler ("Drechsler") and Drechsler, Larkin & Walters, P.C. ("the Drechsler firm").

Drechsler had been a salaried employee of Bendos and the Bendos firm. (Defs.' Mot. to Dismiss Amended Compl., Ex. 1, Drechsler Aff. at ¶ 2.) Bendos alleges that Drechsler was responsible for Bendos's mail and diary while Bendos was out of the office due to his illness. (Pl.'s Consolidated Response, Ex. B, Bendos Interrogatory Answer 3.) Drechsler disputes ever having that responsibility. Bendos closed his firm due to his illness about March 1, 1999, and

---

[2]Judge Nickerson noted that Bendos worked in a firm with several other attorneys.

officially forfeited the corporation on or about October 6, 2000.  (Id. at Answer 9; Mot. To Strike Service, Exs. 1-2.)

On or about March 11, 1999, the Drechsler firm filed Articles of Incorporation with the State Department of Assessments and Taxation ("SDAT") and started serving clients on April 1, 1999.  (Defs.' Mot. to Dismiss Amended Compl. at 2.)  The Drechsler firm had the same office, equipment, staff, and insurance policy as the Bendos firm had prior to its termination.  (Pl.'s Consolidated Response at 19.)  Bendos became "of counsel" to the Drechsler firm and remained so until the Drechsler firm removed him from that position.  (Pl.'s Consolidated Response, Ex. B, Bendos Interrogatories Answer 2 (B); Id., Ex. F, Bates No. 0006.)  In applications for insurance coverage for the Drechsler firm, the firm refers to itself as the firm that was "previously Bendos, Drechsler, Larkin & Walters, P.C." and states that it "just had name change effective 4/1/99." (Pl.'s Consolidated Response, Ex. D. Bates Nos. 0067, 0069; Ex. E, Bates No. 0044.)

On March 23, 2000, the Drechsler firm and Drechsler, Donna M. Larkin ("Larkin"), and Laura C. Walters ("Walters"), individually, executed a Memorandum of Understanding and Release with Bendos and the Bendos firm.  (Defs.' Mot. to Dismiss Amended Compl. at 2.)  The agreement stated that the Bendos firm had no outstanding debt other than the two leases that the Drechsler firm agreed to assume.  In addition to the two leases, the Drechsler firm agreed to pay for one half of the cost of a professional liability tail to cover malpractice claims against Bendos and the Bendos firm.  (Pl.'s Consolidated Response, Ex. G at ¶ 5.)

## ANALYSIS

The defendants have moved to dismiss for failure to state a claim under

3

Fed.R.Civ.P.12(b)(6), or in the alternative, for summary judgment under Fed.R.Civ.P.56.  As their first argument is that this court lacks subject matter jurisdiction, the motions will be considered under Rule 12(b)(1).  The burden of proving subject matter jurisdiction is on the plaintiff.  Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982).  The Fourth Circuit has explained that:

> [i]n determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.  The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists.  The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.

Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991).

In this case there is no diversity jurisdiction, because Gruber and several defendants are citizens of Maryland, but Gruber maintains there is federal question jurisdiction under 28 U.S.C. §1331.  Gruber argues that this suit stems from her inability to recover ERISA benefits and that 29 U.S.C. § 1132(a)(1)(B) grants federal jurisdiction to "a [plan] participant or beneficiary...to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Gruber, however, earlier attempted to recover her benefits and to clarify her right to future benefits in her suit against UNUM, where the court denied future benefits.  Gruber, 195 F.Supp.2d at 716-717.  In this action, she is instead suing her former attorney for legal malpractice because his alleged negligence caused her to lose her claim for benefits under the ERISA plan.

Under Maryland law, to state a cause of action against an attorney, three elements must be pled: (1) employment of the attorney; (2) the attorney's neglect of a reasonable duty; and (3)

4

loss to the client proximately caused by that neglect of duty.  Stratagene v. Parsons Behle & Latimer, 315 F.Supp.2d 765, 773 (D.Md. 2004); Roginsky v. Blake, 131 F.Supp.2d 715, 719 (D.Md. 2000). While the third prong of the malpractice claim will involve analysis of Gruber's eligibility for benefits and her inability to recover those due to Bendos's inaction, it does not involve recovery against the plan itself.[3]

The parties dispute the relevance of Custer v. Sweeney, 89 F.3d 1156 (4th Cir. 1996). Though the factual background is different, Custer's conclusion that "[a] legal malpractice claim does not affect the structure, the administration, or the type of benefits provided by an ERISA plan" and does not "implicate the relations among the traditional [ERISA} plan entities[,]...[the] principals, the employer, the plan, the plan fiduciaries, and the beneficiaries" is equally applicable here.  Custer, 89 F.3d at 1167 (quoting Rebaldo v. Cuomo, 749 F.2d 133, 139 (2d Cir. 1984)); see also Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1470-72 (4th Cir. 1996).  As Custer notes, legal malpractice does not "implicate in any significant way the federal policies that Congress sought to promote in enacting ERISA."  Id. at 1169.  Custer found neither complete preemption nor a substantial federal question that would permit the exercise of jurisdiction.  89 F.3d at 1168-69.

Gruber relies on Miller v. U.S. Foodservice, Inc., 323 F.Supp.2d 665 (D.Md. 2004) in arguing that her state law claims are completely preempted by ERISA because, she argues, the court will need to pass on the validity, interpretation, or applicability of a term of an ERISA plan in determining what she would have received if not for Bendos' negligence.  Id. at 667.  Miller is

---

[3]Gruber's eligibility for benefits may determine the measure of damages she receives if her legal malpractice claim succeeds.  See McClung v. Smith, 870 F.Supp. 1384, 1391 (E.D. Va. 1994).

distinguishable, however, because Miller was suing his former employer directly for an alleged wrongful denial of benefits under an ERISA plan. Miller's suit could easily "affect the structure, the administration, or the type of benefits provided by an ERISA plan." Custer, 89 F.3d at 1167. Gruber, on the other hand, seeks to recover damages from her former counsel. The review of the plan policy is relevant, but "the case will turn on legal duties generated outside the ERISA content." Coyne, 98 F.3d at 1472.

Gruber requests the court to transfer the action to the Circuit Court for Baltimore City if there is no federal subject matter jurisdiction. This court, however, cannot transfer or remand a case to state court unless it has been removed from state court. Holt v. Camus, 128 F.Supp.2d 812, 817 (D.Md. 1999). Maryland allows a 30-day period, however, to file a complaint in the state court after a case is dismissed for lack of federal jurisdiction. See Md. Rules 2-101.

As this court lacks subject matter jurisdiction, the complaint must be dismissed. The Bendos firm's motion to strike service and dismiss the action will be denied as moot.

A separate order follows.

|  |  |
|---|---|
|     August 23, 2005     |     /s/     |
| Date | Catherine C. Blake |
|  | United States District Judge |